Contracts; interpretation; trade usage; necessity to seek clarification; impossibility of performance; commercial impracticability; release. — Plaintiff contracted with the Federal Aviation Administration to produce and deliver certain radar bright display equipment which utilizes radar information to depict movement of aircraft on cathode ray tube screens. Count 1 of the petition involves the issue of plaintiff’s obligation to supply cathode ray tubes (CUT) and image storage tubes (1ST) as spare parts under the contract provision calling for the furnishing of an operating set and a spare set of “all the tubes” required for the system. Plaintiff contends that the provision obligated it only to supply as spares tubes of low monetary value (which would exclude the CRT’s and IST’s). The Contract Appeals Board concluded that the specifications required two sets of all the tubes. Count 2 seeks to recover costs incurred by plaintiff in the production of IST’s acceptable under the specifications, plaintiff contending that the specification of the 1ST was defective or otherwise impossible of performance, and *856 that the FAA inspection and testing procedures were unreasonable. The Board found no defect in the specification and held that it was not impossible, as a practicable matter, to meet that specification. The Board also found certain inspections by the FAA did hold plaintiff to an unreasonably high standard but concluded that, by reason of a general release executed by the parties, plaintiff was barred from any recovery on that aspect of the claim. In a recommended opinion filed May 31, 1974 (reported in full at 20 CCF para. 83,103), Trial Judge Hal D. Cooper concluded as to Count 1 that nowhere is there any limitation on the value of the tubes to be included in the spare set and the plain and ordinary meaning of “all the tubes” is that all the tubes, including IST’s and CRT’s, not just low-value tubes, are to be supplied in each spare set; that the reference in the contract to low-value tubes is only where the performance requirements of specific tubes were being set out or where it was necessary, for clarity, to differentiate one tube from another; that as to plaintiff’s contention of trade usage, the FAA has no established practice of procuring electronic spare parts such as high value tubes by separately priced agreements ; and that as to plaintiff’s assertion of ambiguity, the provision is not ambiguous, and plaintiff, having adopted without inquiry, an interpretation that was not a reasonable one, cannot invoke the contra proferentem, rule. As to Count 2, Trial Judge Cooper concluded that plaintiff failed to sustain its burden of proving that a necessary component for the equipment was commercially unavailable and that it had relied on the Government’s representation that the component would be available, and concluded that the Board’s findings on this phase of Count 2 are supported by substantial evidence. As to the inspection procedures claim, the general release bars plaintiff’s claim. This case came before the court on plaintiff’s request for review by the court of the recommended decision, on plaintiff’s motion and defendant’s cross-motion for summary judgment, having been submitted on the briefs and oral argument of counsel. Upon consideration thereof, since the court agrees with the said decision, by order dated February 14,1975 the court affirmed and adopted the said decision as the basis for its judgment in this case, concluded that plaintiff is not entitled to recover, denied plain *857 tiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.